IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EZELL EUGENE MINTON | § | |
| | § | |
| V. | § | A-09-CA-155-LY |
| | § | |
| RICK THALER[1] | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

To: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 7); and Petitioner's response thereto (Document 9). Petitioner, proceeding pro se, has paid the applicable filing fee for this case. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

**STATEMENT OF THE CASE**

**A.     Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 21st Judicial District Court of Bastrop County, Texas, in cause

---

[1] The previous named respondent in this action was Nathaniel Quarterman. On July 15, 2009, Rick Thaler succeeded Quarterman as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d)(1) of the Federal Rules of Civil Procedure, Thaler is automatically substituted as a party.

number 6464. Petitioner was convicted of aggravated sexual assault, and on November 5, 1984, he was sentenced to 70 years in prison. Petitioner is not challenging his holding conviction in his habeas corpus application. Rather, Petitioner challenges prison disciplinary case numbers 20080165968 and 20080306567.

On February 25, 2008, Petitioner was notified that he was being charged with the disciplinary offense of attempting to establish an inappropriate relationship with a correctional officer, alleged to have occurred on February 22, 2008. On February 27, 2008, Petitioner was found guilty of offense code 30.1 of the TDCJ-CID Disciplinary Rules and Procedures for Offenders in disciplinary case number 20080165968. (Disciplinary Hearing Record ("DHR") at 1). As a result of the disciplinary hearing, Petitioner received 30 days loss of recreation and commissary privileges, a reduction in line class from L1 to L2, and a forfeiture of 20 days of good conduct credits. (DHR at 1,13). Petitioner filed a Step 1 grievance appealing the disciplinary proceeding on March 17, 2008. (Disciplinary Grievance Records ("DGR") at 1). It was denied on April 16, 2008. (DGR at 1-2). Petitioner filed a Step 2 grievance on April 29, 2008, which was denied on May 22, 2008. (DGR at 3, 4).

On July 10, 2008, Petitioner was notified that he was being charged with the disciplinary offense of attempting to establish an inappropriate relationship with a correctional officer, alleged to have occurred on July 8, 2008. On July 11, 2008, Petitioner was found guilty of offense code 30.1 of the TDCJ-CID Disciplinary Rules and Procedures for Offenders in disciplinary case number 20080306567. (DHR at 19, 26). As a result of the disciplinary hearing, Petitioner received 45 days loss of recreation and commissary privileges, a reduction in line class from L2 to L3, and a forfeiture of 180 days of good conduct credits. (DHR at 19, 26). Petitioner filed a Step 1 grievance appealing

the disciplinary proceeding on July 29, 2008. (DGR at 5). It was denied on August 28, 2008. (DGR at 5-6). Petitioner filed a Step 2 grievance on September 2, 2008, which was denied on October 2, 2008. (DGR at 7, 8).

**B.  Petitioner's Grounds for Relief**

Petitioner raises as grounds for relief:

1. There was insufficient evidence to support the findings that he attempted to establish an inappropriate relationship with either correctional officer;

2. His disciplinary hearing officer ("DHO") was biased against him; and

3. He was denied the opportunity to marshal his evidence and present a defense in case number 20080306567, because officials refused to take fingerprints from a letter.

**C.  Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his administrative remedies regarding the claims brought in this application. A review of the administrative records submitted by Respondent shows that Petitioner has properly raised these claims.

**DISCUSSION AND ANALYSIS**

**A.  Disciplinary Cases**

1. Restrictions

As a result of the disciplinary hearing, Petitioner received loss of recreation and commissary privileges. These punishments do not trigger the Due Process Clause. In Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997), the Fifth Circuit Court of Appeals held that commissary and cell restrictions as punishment are merely changes in the conditions of a prisoner's confinement and do not implicate due process concerns. "They are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest." Id.

2. Reduction in Time Earning Class

In addition to the above-listed punishments, Petitioner was reduced in line class. To the extent Petitioner challenges his changes in time-earning class these allegations also do not present grounds for federal habeas corpus relief. The Fifth Circuit has held the timing of a petitioner's release on mandatory supervision is too speculative to afford him a constitutionally cognizable claim to the "right" to a particular time-earning status, which right the Texas legislature has specifically denied creating. Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000).

3. Loss of Good Time Credits

Challenges to disciplinary proceedings do not generally raise a cognizable constitutional violation unless the petitioner has lost good time credits and is eligible for mandatory supervision. See Malchi, 211 F.3d at 957-58; Madison, 104 F.3d at 768. Respondent acknowledges Petitioner is eligible for mandatory supervision.

In Henson v. United States Bureau of Prisons, 213 F.3d 897 (5th Cir. 2000), the Fifth Circuit explained:

> When a prisoner has a liberty interest in good time credit, revocation of such credit must comply with minimal procedural requirements. See Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 454, 105 S. Ct. 2768 (1985) (noting the usual procedural requirements which must be observed – notice, an opportunity to present evidence, and written findings in support of the ruling – and stating that "some evidence" must support the ruling). These requirements are flexible, however, and must necessarily be balanced against legitimate penological interests. See id.; Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974) ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply.").

Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision. Broussard v. Johnson, 253 F.3d 874, 877 (5th Cir. 2001) (citing Smith v. Rabalais, 659 F.2d 539, 545 (5th Cir.1981)). On federal habeas review of prison disciplinary hearings, "the

4

standard to be applied is whether or not actions of the disciplinary committee were arbitrary and capricious or an abuse of discretion." Smith v. Rabalais, 659 F.2d at 545.

      a.    Notice

The administrative records indicate Petitioner was notified of the disciplinary charge in case number 20080165968 on February 25, 2008, at 11:10 a.m. (DHR at 13). Petitioner's hearing was held on February 27, 2008, at 9:38 a.m. (DHR at 13). The administrative records further indicate Petitioner was notified of the disciplinary charge in case number 20080306567 July 10, 2008, at 10:10 a.m. (DHR at 26). Petitioner's hearing was held on July 11, 2008, at 10:20 a.m. (DHR at 26).

      b.    Opportunity to Present Evidence

Petitioner asserts his due process rights were violated when the hearing officer failed to ask the charging officers the list of questions he prepared. Petitioner further asserts his rights were violated when prison officials failed to test the letter involved in case number 20080306567 for fingerprints. As the Supreme Court explained in Wolff, a prisoner's right to call witnesses and present evidence in the disciplinary hearings could be denied if granting the request would be "unduly hazardous to institutional safety or correctional goals." Id. at 566, 94 S. Ct. at 2974; Baxter v. Palmigiano, 425 U.S. 308 (1976).

> Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence. Although we do not prescribe it, it would be useful for the [disciplinary board] to state its reasons for refusing to call a witness, whether it be for irrelevance, lack of necessity, or the hazards presented in the individual cases.

418 U.S. at 566.

In reviewing the disciplinary records in this case, the Court is of the opinion no due process violation occurred with respect to Petitioner's evidence. The records indicate the charging officers answered Petitioner's questions for the most part by either answering the questions directly or referring to prior answers. Because Officer Harris witnessed Petitioner dropping the letter on her desk, there was no need for fingerprints. The Court finds Petitioner was permitted to present evidence to the extent due process requires.

    c.    <u>Written Findings in Support of the Ruling</u>

Petitioner does not dispute the fact he received written findings in support of the hearing officer's rulings and findings of guilt.

    d.    <u>Some Evidence</u>

The findings of a prison disciplinary hearing are not subject to review by this court unless they are arbitrary and capricious. <u>Banuelos v. McFarland</u>, 41 F.3d 232, 234 (5th Cir. 1995). In reviewing such findings, the only question before this Court is whether the decision made was supported by "some" evidence. <u>Broussard v. Johnson</u>, 253 F.3d 874, 876 (5th Cir. 2001) (citing <u>Superintendent, Mass. Correctional Inst. v. Hill</u>, 472 U.S. 445, 454, 105 S. Ct. 2768, 2774 (1985)); <u>Black v. Warren</u>, 134 F.3d 732, 734 (5th Cir. 1998).

In reviewing the disciplinary records and disciplinary tape for Petitioner, the Court finds there was "some" evidence to support the hearing officer's finding of guilt in both cases. In case number 20080165968, the evidence consists of the offender's testimony, witnesses statements, the charging officer's report and the charging officer's testimony. (DHR 1). The evidence introduced at the hearing indicates Officer Holland believed Petitioner was attempting to establish an inappropriate relationship with her when he told her that he could not stop thinking about her. Although Petitioner

denies he said this to Officer Holland, the officer's report and testimony is "some" evidence to support Petitioner's disciplinary action.

In case number 20080306567 the evidence consists of the charging officer's report and the charging officer's testimony. (DHR 19). The evidence introduced at the hearing indicates Officer Harris believed Petitioner was attempting to establish an inappropriate relationship with her when he dropped a romantic letter on her desk. Officer Harris identified Petitioner at the time he dropped the letter on her desk, because he had his state issued ID in his hand. The officer's report, her testimony and the letter is "some" evidence to support Petitioner's disciplinary action.

  e.  Impartial Hearing Officer

Petitioner also alleges the hearing officer was biased and said, "I don't like you either!" The law is clear a prisoner has a right to have a disciplinary hearing conducted by an impartial decision maker. Wolff, 418 U.S. at 571. However, Petitioner's allegations asserting bias are insufficient to support a disqualification. Petitioner has failed to show the hearing officer in his cases was actually biased. There is no indication that Captain Avanta had any bias against Petitioner. A review of the tapes and the disciplinary hearing records indicates the hearing officer considered the evidence presented at the hearing and was not predisposed to finding Petitioner guilty.

## RECOMMENDATION

It is recommended that Petitioner's habeas application be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective

December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## **OBJECTIONS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation to the parties by certified mail, return receipt requested.

SIGNED this 3rd day of February, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE